Ashley Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 2526-63.
United States Tax Court
T.C. Memo 1965-57; 1965 Tax Ct. Memo LEXIS 273; 24 T.C.M. (CCH) 311; T.C.M. (RIA) 65057; March 19, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioner. Frederic S. [*] Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. [*] for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1957 $339
$16.95
1958
312
15.60
1959
342
17.10
The primary issue for decision *274 is whether petitioner understated income from tips earned at Whyte's Restaurant (downtown) and Tropical Acres Restaurant. Petitioner does not contest asserted understatements of savings bank interest. A second issue is whether respondent properly determined additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner is a resident of Long Island City, New York. He filed his Federal income tax returns for the years 1957-1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years petitioner worked as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City, and at Tropical *275 Acres Restaurant (also known as Marni's), Yonkers, New York. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in 1948. During the years in issue, petitioner usually worked four lunches per week, Tuesday through Friday; he rarely worked dinners. He had a station of 12 chairs in the ladies' dining room, on the second floor of the restaurant. Petitioner did not work at any banquets at Whyte's during this period, nor did he perform any extra duties. On Saturdays and Sundays petitioner worked at Tropical Acres Restaurant, also known as Marni's. Some of his work at Marni's was catering work, for which petitioner received only salary and no tips. On other occasions petitioner performed ordinary waiter's duties and received tips from patrons. On his 1958 income tax return, petitioner reported wages of $576 from Tropical Acres and tips of $450 from that source. On *276 the same return, petitioner reported wages of $995 and tips of $545.50 from Whyte's downtown. Petitioner kept no records of his tip income during 1957-1959. Petitioner reported tip income of $728, $99.50, and $926 for 1957, 1958, and 1959, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $1,776.12, $1,570.50, and $1,755.82. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent of his wages at Tropical Acres, and then subtracting the tip income reported on petitioner's income tax return for the particular year. Respondent's action of using a formula to determine the tip income earned by petitioner at Whyte's downtown was reasonable. Respondent also determined additions to tax under section 6653(a) [2] for each year in issue. *277 Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7, 1962), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this issue are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this issue, *278 there is no material difference between the Meneguzzo case and the instant case. Therefore, we hold that respondent's determination must be sustained. The second question is whether petitioner understated tip income earned at Tropical Acres. It is respondent's position that petitioner received in each of the years 1957, 1958 and 1959 tips from Tropical Acres in amounts at least equal to his wages from Tropical Acres. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify this 1:1 relationship between tips and wages at Tropical Acres, although he did introduce such evidence in support of this formula for Whyte's. Nevertheless, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice.
Petitioner kept no records of his tip income. He has failed to introduce any persuasive evidence from which we might conclude that his tips from Tropical Acres were less than the amounts asserted by respondent. Indeed, what evidence there is supports respondent's figures. On his 1958 return petitioner reported tips and wages from Whyte's of *279 $545.50 and $995, respectively, or a tips-to-wages ratio of approximately 0.55:1. This ratio is less than one-third the 2.00:1 ratio found by respondent and sustained by us, and represents a gross understatement of tips from Whyte's. On the same return, petitioner reported tips and wages from Tropical Acres of $450 and $576, respectively, or a ratio of tips to wages of about 0.78:1. This ratio is only slightly less than the 1:1 ratio claimed by respondent; yet, there is no reason to suppose petitioner was more accurate in estimating and reporting his tips from Tropical Acres than those from Whyte's. We hold that petitioner has failed to carry his burden of proving that his tips from Tropical Acres were less than the amounts determined by respondent. The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's *280 returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo, 43 T.C. 824↩ (1965).
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩