Theodore Holiavko and Mathilda Holiavko v. Commissioner.
Holiavko v. Commissioner
Docket No. 2226-63.
United States Tax Court
T.C. Memo 1965-60; 1965 Tax Ct. Memo LEXIS 272; 24 T.C.M. (CCH) 319; T.C.M. (RIA) 65060; March 22, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1958
$589.26
$29.46
1959
688.84
34.44
The primary issue is whether tip income *273 earned by petitioner Theodore Holiavko at Whyte's Restaurant (downtown) was understated in 1958 and 1959. A second issue is whether petitioners are liable for additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, are residents of Brooklyn, New York. They filed their joint Federal income tax returns for the years 1958 and 1959 with the district director of internal revenue, Brooklyn, New York. Theodore Holiavko, hereinafter referred to as petitioner, was employed during the years in issue primarily at Whyte's Restaurant, 145 Fulton Street, New York, New York. Findings Regarding Whyte's *274 Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in August 1957. Until 1959 he had no permanent station, but was shifted around from one station to another. In 1959 he was given a station in the center of the main dining room. Petitioner regularly worked 5 lunches per week. He worked 1 to 3 dinners per week in 1958, and 3 to 4 dinners per week in 1959. Petitioner performed work at Whyte's downtown in 1958 and 1959 in addition to his waiting duties. He came to work early every morning before the restaurant opened to answer the telephone, receive deliveries, and do odd jobs. For this work he was paid $10 per week, or $2 per day, over and above his regular wages. Petitioner also received $5 per week extra pay for cleaning a fish tank situated in the restaurant. This fish tank had to be cleaned once a week. Petitioner received wages for his extra duties of $730 in each of the years 1958 and *275 1959. Petitioner received no tips in connection with the earning of these wages. Petitioner sometimes worked at banquets at Whyte's downtown. Petitioner reported tip income of $766 for 1958 and $1,380 for 1959. Petitioner earned no tip income at restaurants other than Whyte's downtown. Respondent determined that petitioner's tip income was understated by $3,050.60 in 1958 and $2,928.50 in 1959. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown and then subtracting the tip income reported on petitioner's return for the particular year. Respondent also determined additions to tax under section 6653(a). [2]
*276 Petitioner failed to keep adequate records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1958 and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. Petitioner also claims he kept adequate records. Petitioner testified that he had *277 kept weekly records of his tip income for 1958 and 1959, that he showed these records to the person who filled out his returns, that he later gave the records to an accountant representing him before the Internal Revenue Service, and that the records were not returned to him. Petitioner did not claim that he attempted to get these records returned to him. When cross-examined as to the whereabouts of the records, he answered that "they must be lost somewhere." Petitioner's failure either to produce the records at trial or to supply a satisfactory explanation for not producing them justify a holding that petitioner has not carried his burden of proving the adequacy of his records. It further appears that petitioner determined the weekly amounts of his tips by deducting his wages from extra duties from his total weekly wages, and then applying a percentage - about 67 percent in 1958 and 100 percent in 1959 - to the remainder. In other words, petitioner seems to have used a formula of his own in estimating his tips. We hold that such are not the type of records required by the regulations. See section 39.54-1(a), Regs. 118, and section 1.6001-1(b), Income Tax Regs. *278 Finally, petitioner's own estimates at trial of his daily tip income establish understatements in the amounts reported on his returns. This, in turn, reflects unfavorably on petitioner's credibility. The basic validity of the formula herein used by respondent was established in Barry Meneguzzo, supra. Since the facts and law relevant to that case and to the instant case are substantially the same, we hold the formula valid. As in the Meneguzzo case, however, petitioner here received wages for extra duties. Since petitioner earned no tips in connection with such duties, it was error for respondent to allocate to petitioner $2 of tips for each $1 of such wages. Petitioner's wages from such work were $730 in each year. Accordingly, the overstatements of tip income determined by respondent should be reduced by $1,460 for each year. See Barry Meneguzzo, supra.
The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra. *279 See Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1958 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112 (C.A. 2, 1953). Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩