Emil Legat and Bertha Legat v. Commissioner.
Legat v. Commissioner
Docket No. 2227-63.
United States Tax Court
T.C. Memo 1965-61; 1965 Tax Ct. Memo LEXIS 269; 24 T.C.M. (CCH) 321; T.C.M. (RIA) 65061; March 23, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$208.90
$10.45
1958
235.00
11.74
1959
238.00
11.90
The issues for *270 decision are (1) whether tip income earned by petitioner Emil Legat at Whyte's Restaurant (downtown) was understated in each of the years 1957, 1958, and 1959; (2) whether petitioners are liable for additions to tax under section 6653(a); [1] and (3) whether respondent erred in disallowing in each year a part of the deduction claimed for uniform expense. This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners are residents of Long Island City, New York. They filed their joint Federal income tax returns for the years 1957 and 1958 with the district director of internal revenue, Manhattan, New York, and for the year 1959 with the district director of *271 internal revenue, Brooklyn, New York. During the taxable years Emil Legat (hereinafter referred to as petitioner) was employed as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in 1927. During 1957-1959 he regularly worked lunches and dinners in the cafe. Some weeks he worked from 11 a.m. to 9 p.m.; on others, from 10 a.m. to 3 p.m. and from 5 to 8 p.m. He performed no extra jobs. Petitioner reported tip income of $2,565, $2,674, and $2,710 for 1957, 1958, and 1959, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $882.70, $987 and $959.70. Respondent arrived at such understatements by attributing to petitioner, for each year, tip income equal to 200 percent of his wages from Whyte's downtown, and then substracting *272 the tip income reported on petitioner's income tax return for the particular year. Petitioner claimed deductions for replacement and maintenance of work uniforms for 1957, 1958, and 1959 in the respective amounts of $200, $200, and $225. Respondent disallowed such deductions in each year to the extent that they exceeded $100. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); *273 and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The validity of the formula used by respondent to determine petitioner's tip income from Whyte's downtown was established in Barry Meneguzzo, supra. The evidence convinces us that the regular cafe waiters like petitioner accounted for at least a proportionate share of table sales and received a share of total tips at least proportionate to their wages. Petitioner has not proven error in respondent's determinations of his tip income. Accordingly, we decide this issue in favor of respondent. The second issue concerns the amounts of the deductions allowable to petitioner for uniform expenses. Respondent allowed petitioner a $100 deduction for such expenses in each year in lieu of the $200 claimed by petitioner in 1957 and 1958, and the $225 claimed in 1959. Petitioner has failed to prove that his expenses for uniform maintenance and replacement exceeded the amounts allowed by respondent. It follows that respondent's *274 determination must be sustained. The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).