Thomas Thomidis and Helen Thomidis v. Commissioner.
Thomidis v. Commissioner
Docket No. 1966-63.
United States Tax Court
T.C. Memo 1965-70; 1965 Tax Ct. Memo LEXIS 262; 24 T.C.M. (CCH) 368; T.C.M. (RIA) 65070; March 29, 1965
*262 Tip income: Failure to keep records. - The Commissioner's determination that the taxpayer's tip income bore a certain ratio to the amount of salary he received was reasonable inasmuch as the taxpayer failed to keep records and did not prove the actual amount of tip income he received. Additions to tax: Failure to keep records: Negligence penalty. - The Tax Court found that the taxpayer's failure to keep accurate records of the amount of tip income he received constituted negligence and sustained the Commissioner's additions to the amount of tax due. J. Arthur McNamara, 20 Broadway, Vahalla, N. Y., for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1957
$596.65
$29.83
1958
622.87
31.14
1959
493.13
24.66
The issues are (1) whether petitioners understated tip income for each of the years 1957, 1958, and 1959, and (2) whether petitioners are liable for additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain *264 evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, were residents of Astoria, New York. They filed their joint Federal income tax returns for the years 1957, 1958, and 1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years Thomas Thomidis (hereinafter referred to as petitioner) was employed as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City, and at Arnold Reuben's, also in New York City. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. - (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner regularly worked lunches and dinners at Whyte's downtown. At lunchtime he was stationed in the upstairs dining room. Once or twice each week parties of 10-22 persons, requiring special attention, were served in the upstairs dining room. Such parties differed from banquets, in that there was an ala carte, rather *265 than a fixed menu. Petitioner and two other waiters worked as partners in serving parties of this type, and pooled their tips. In the evenings petitioner was stationed in the main dining room. Petitioner occasionally worked at banquets. Petitioner worked at Arnold Reuben's Restaurant about 46 Saturdays during each year in issue. Petitioner received tips from this work of about $600 each year. During the taxable years, petitioner's wife (hereinafter referred to as Helen) worked as a counter girl at various luncheonettes in and around New York City. Helen received no tips in connection with such employment. On his income tax returns for the years 1957, 1958, and 1959, petitioner reported wages from Whyte's, wages from Reuben's, and tips as follows: Whyte's
Reuben's
Year
Wages
Wages
Tips
1957
$1,726.06
$310.81
$1,300
1958
1,859.40
129.50
1,300
1959
1,369.16
395.30
1,400 In addition, wages totaling $580.20, $637.85, and $659.50 were reported as earned by Helen in 1957, 1958, and 1959, respectively. Respondent determined understatements of tip income for 1957, 1958, and 1959 in the respective amounts of $3,043.13, $3,186.15, and $2,393.12. *266 Respondent arrived at the amounts of such understatements by attributing to petitioner and Helen for each year tip income equal to 200 percent of petitioner's wages from Whyte's downtown plus 100 percent of both their wages from other sources, and then subtracting the tip income reported on the particular year's income tax return. Respondent determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine tip income earned by petitioner at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); *267 and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this question are in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this question, there is no material difference between the Meneguzzo case and the instant case. The fact that petitioner and his two partners pooled their tips from large parties merely assures further that petitioner received an average amount of tips. Respondent's determination as to Whyte's downtown must be sustained. The second question is whether there were understatements of tip income from restaurants other than Whyte's downtown. We have found from the evidence that petitioner earned $600 in tips each year at Reuben's, but that Helen earned no tips from her work as a counter girl at various luncheonettes. It is clear that respondent based his determinations of understatements *268 of tip income upon the theory that petitioner and Helen each received tips equal to their wages from each of the restaurants, other than Whyte's, at which they worked. The rule is well established, however, that respondents determinations may be sustained on the basis of a theory other than that relied upon initially in making the determination. Wilkes-Barre Carriage Co., 39 T.C. 839, 845-46 (1963), affirmed per curiam 332 F. 2d 421 (C.A. 2, 1964); Bernstein v. Commissioner, 267 F. 2d 879, 881 (C.A. 5, 1959), affirming a Memorandum Opinion of this Court; William C. Hay, 2 T.C. 460, 471-73 (1943), affd. 145 F. 2d 1001 (C.A. 4, 1944), certiorari denied 324 U.S. 863 (1945); Edgar M. Carnrick, 21 B.T.A. 12, 21 (1930). Thus, there is no barrier to our sustaining, to the extent of the $600 per year earned by petitioner at Reuben's, respondent's determinations of understatements of tip income from restaurants other than Whyte's, even though petitioner's wages from Reuben's were less than $600 in each of the years 1957, 1958, and 1959. Respondent's determination is sustained to the extent indicated. *269 The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).