Frank Leggio and Angela Leggio v. Commissioner.
Leggio v. Commissioner
Docket No. 2087-63.
United States Tax Court
T.C. Memo 1965-75; 1965 Tax Ct. Memo LEXIS 255; 24 T.C.M. (CCH) 407; T.C.M. (RIA) 65075; April 2, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioner. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions
to Tax
Income
Sec. 6653(a)
Year
Tax
I.R.C. 1954
1957
$224.52
$11.23
1958
236.35
11.82
1959
128.42
6.42
The issues are *256 (1) whether tip income earned by petitioner Frank Leggio at Whyte's Restaurant (downtown) was understated in each of the years 1957, 1958, and 1959; (2) whether petitioners are entitled to additional deductions for union dues and work clothing; and (3) whether petitioners are liable for additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners are residents of Brooklyn, New York. They filed their joint Federal income tax returns for the years 1957-1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years Frank Leggio (hereinafter referred to as petitioner) was employed as a waiter at *257 Whyte's Restaurant, 145 Fulton Street, New York City. Findings Regarding Whyte's Restaurnats Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. - (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner first worked as a waiter in 1955; he began working at Whyte's downtown in July 1956. Petitioner was a full-time luncheon waiter at Whyte's. During 1957 petitioner had no permanent station, but was shifted around to fill in for absent waiters. On his income tax returns for 1957, 1958, and 1959, petitioner reported tip income of $800, $1,540, and $2,150, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $1,229.86, $563.80, and $372.88. Respondent arrived at such understatements by attributing to petitioner, for each year, tip income equal to 200 percent of his wages from Whyte's downtown, and then subtracting the tip income reported on petitioner's return for the particular year. Petitioner did not itemize deductions on his *258 1957 return. On his returns for 1958 and 1959, petitioner claimed deductions of $60 for union dues and $160 for work clothing. Respondent disallowed petitioner's deductions for work clothing to the extent they exceeded $60 for each of the years 1958 and 1959. Respondent also determined additions to tax under section 6653(a). Petitioner failed to produce any records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). *259 Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. Petitioner also claims he kept adequate records. Petitioner testified that each day he gave his wife (hereinafter referred to as Angela) any tips and salary he had received, that Angela kept daily records of such amounts and also of all family expenditures, that Angela made weekly summaries of the daily records and then destroyed the latter, and that the weekly summaries were used in filling out petitioners' income tax returns each year and were then destroyed. Petitioner also testified that the amounts of tip income to be reported on his returns were determined by subtracting total expenditures for the year from total receipts, the balance being reported as tip income. No records other than petitioners' returns were introduced in evidence. It is clear that, in reporting as tips the excess of receipts over expenditures and in destroying their records at the end of each year, petitioner and Angela have failed to satisfy the requirements of the regulations dealing with record-keeping. *260 See Barry Meneguzzo, supra. Respondent was wholly justified in using a formula to determine petitioner's tip income from Whyte's downtown. The validity of the formula used by respondent was upheld in Barry Meneguzzo, supra, and that case is controlling here. Respondent's determinations of understatements of tip income must be sustained. The second issue is whether petitioner incurred expenditures for union dues and work clothing of such amounts as to entitle him to additional deductions. Respondent did not contest the $60 deductions for union dues claimed on the 1958 and 1959 returns; but respondent reduced the $160 deductions for work clothing claimed for those years to $60. Petitioner has failed to prove that he is entitled to larger deductions than those allowed by respondent for 1958 and 1959. As to 1957, petitioner did not itemize deductions, and respondent allowed a standard deduction in computing the tax due. Petitioner has not proven that he incurred expenditures for union dues and work clothing for 1957 in excess of such standard deduction. Thus, petitioner has not been prejudiced. The final issue is whether respondent erred in determining additions to tax under section *261 6653(a). [2] Petitioner's method of record-keeping, as well as his method of reporting tips, was certainly negligent. Such negligence resulted in underpayments. Consequently, the additions to tax imposed by respondent were fully justified. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered *262 for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. - (1965).↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩