328 F.2d 703
 Joe R. ANSON and Margie A. Anson, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
William R. GILES and Helen E. Giles, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Jack H. HOYE and Margaret Hoye, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Neoma N. BOWMAN, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 7408-7411.
 United States Court of Appeals Tenth Circuit.
 March 4, 1964.
 
 Martin G. Dumont, Denver, Colo., for petitioners.
 Joseph Kovner, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney and Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.
 Before PICKETT and LEWIS, Circuit Judges, and KERR, District Judge.
 LEWIS, Circuit Judge.
 
 
 1
 In these consolidated cases petitioners[1] seek review of a decision of the Tax Court[2] which, with modifications not now pertinent, upheld a determination by the respondent Commissioner that each of the several petitioners had understated her income received from tips in the year 1958. A resultant deficiency assessment was made in each case which taxpayers assert is based upon an arbitrary and unreasonable formula applied by the Commissioner and in disregard of the records maintained by taxpayers of actual tip income received. Two questions are thus presented for review: Whether the Commissioner properly refused to accept the taxpayers' records as accurately reflecting tip income and, if so, whether the Commissioner's method of determination of such income was reasonable under all the circumstances.
 
 
 2
 During the year 1958 taxpayers were employed as waitresses at the Tiffin Inn in Denver, Colorado. Each was paid a modest hourly wage and received additional income from tips which was admittedly subject to tax under section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 61(a), and so subject to the adequate record-keeping compulsion of section 6001 of the Act and to the potential right of the Commissioner under section 446 to refuse acceptance of inadequate records and to then compute taxable income by such method as he deems proper to clearly reflect income. Taxpayers reported as income from tips amounts varying from an even $1,000.00 by petitioner Anson to the sum of $1,759.41 by petitioner Giles. No taxpayer produced records which supported the exact amount of tip income reported, which variance, though not necessarily significant, remained unexplained or was said to be an attempt to use a "rounded figure" for convenience. Inaccuracies, though small, are a circumstance relevant to the inquiry of trustworthiness of accounting records. Mrs. Bowman's records were prepared after her return was filed from original records she was unable to produce. Mrs. Giles candidly stated she sometimes forgot to record her tips. And the amount reported as tips by each taxpayer was startlingly lower than the Commissioner's estimate of probable income made from a comprehensive study and analysis of the operation and records of the Tiffin Inn.[3]
 
 
 3
 The principle of self-assessment by taxpayer would indeed collapse if the Commissioner were completely at liberty to reject the taxpayer's statement of income simply because such statement of income does not approximate the average income of the taxpayer's occupational classification. Tax is not imposed upon what income should be but upon what income actually is. But the privilege of original self-assessment accorded the taxpayer carries with it the burden of support through the maintenance of records which clearly and accurately reflect income. The cumulative amount of gratuities received is peculiarly within the knowledge of the recipient and is not subject to exact verification from records kept by the employer, the contributor, or others. And the Commissioner is not required to accept the sworn self-serving statement of the taxpayer that his return accurately reflects income. Halle, 7 T.C. 245, aff'd, 2 Cir., 175 F.2d 500, cert. denied, 338 U.S. 949, 70 S.Ct. 485, 94 L.Ed. 586; Estate of Robert Lyons Hague, 45 B.T.A. 104, aff'd, 2 Cir., 132 F.2d 775, cert. denied, 318 U. S. 787, 63 S.Ct. 983, 87 L.Ed. 1154. The loose and unsatisfactory accounting methods of taxpayers were properly considered suspect as to accuracy and thus presented a situation particularly appropriate for the establishment of a method of cross-check. The Commissioner here used the same method considered and approved by the Seventh Circuit in Mendelson v. Commissioner, 305 F.2d 519, by applying a flat ten per cent to the share of sales subject to tips[4] that was attributable to each taxpayer based upon the number of hours worked by each. The ultimate facts found by the Tax Court may be summarized thus:
 
 
 4
 (1) (2) (3)
 Hours % of Share of (4) (5) (6)
 worked total sales Tip income Tips Unreported
 Taxpayer in div'n. hours (Sales × col. 2) (10% of col. 3) Reported Tips 

 Dining room, dinner shift:
 (Sales subject to tips: $730,148.30; Total waitress hours: 35,361.5)

 Bowman, Neoma N. 1535.5 4.34 $31,688.42 $3,168.84 $1,198.45 $1,970.39
 Giles, Helen E. 1585.5 4.48 32,710.64 3,271.06 1,759.41 1,511.65
 Hoye, Margaret 1568.0 4.43 32,345.57 3,234.56 |
 > 1,050.00 2,196.33
 " " (Banquet room) 117.72 11.77 |

 Coffee house:
 (Sales subject to tips: $467,811.34; Total waitress hours: 39,382.5)
 Anson, Margie A. 1665.5 4.23 22,261.97 2,226.20 1,000.00 1,226.20
 
 
 5
 The determination of taxpayer's tip income by the Commissioner is presumptively correct, Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, and the findings of the Tax Court will not be set aside by this court unless clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218; United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746. The critical finding of the Tax Court, and the one that taxpayers assert is arbitrary and erroneous, is the determination that ten per cent is a reasonable factor in the formula to determine tip income. We find nothing in the record to indicate that ten per cent is an unreasonable figure and much to indicate that the figure is in fact moderate.
 
 
 6
 The Tiffin Inn is a quality restaurant serving both food and bar drinks. Each taxpayer worked the dinner shift and an examination of charge slips for this shift showed the average tip to be 13.75 per cent during the months of June and October. This figure was reduced to ten per cent to give allowance for the practice of waitresses, in turn, tipping bus boys and for occasional walkouts, non-tippers, and unknown factors such as possible mistakes and shortages. Although, admittedly, many different bases must be considered in arriving at a percentage figure that would fairly reflect an average tip received, we are convinced from this record that the Commissioner has given due regard to such things as the nature of the restaurant, the general type of habits of its patrons, the time of day worked by the waitresses, their stations, and such other variables. And the burden rests with the taxpayer to show what individual effect may be occasioned by such characteristics as the age, appearance, personality and efficiency of the individual waitress.
 
 
 7
 Although assessment by formula cannot produce exactness, it can, when adapted and adjusted to particular facts, be expected to reach substantial correctness. Mendelson v. Commissioner, supra. We agree with the Tax Court that the Commissioner acted within his authority in setting aside the taxpayers' several returns of taxable income and adopted a reasonable method to compute such income.
 
 
 8
 The decision of the Tax Court is affirmed as to each petitioner.
 
 
 
 Notes:
 
 
 [1]
 We refer hereafter only to the female taxpayers
 
 
 [2]
 Not officially reported. The decision of the Tax Court involved twenty-five taxpapers including the four who seek review in this action
 
 
 [3]
 Taxpayers assert that the records of the Tiffin Inn were never sworn to as being accurate and cannot therefore be accepted as accurate. The contention has no merit as the records were properly identified as being kept in the ordinary course of business
 
 
 [4]
 The Tax Court modified the Commissioner's determination of gross sales by reducing the figure by ten per cent to allow for "carry outs" and other sales upon which tips would not be received