Retvan Ali and Zalihe Hassan and Retvan Ali Hassan v. Commissioner.
Hassan v. Commissioner
Docket No. 2729-63.
United States Tax Court
T.C. Memo 1965-59; 1965 Tax Ct. Memo LEXIS 271; 24 T.C.M. (CCH) 316; T.C.M. (RIA) 65059; March 22, 1965
J. Arthur McNamara, for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in income tax and additions to tax against petitioners [1] as follows: Additions to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1957
$531.38
$26.57
1958
603.19
30.16
1959
569.81
28.49
*272 The primary issue for decision is whether the tip income received by petitioner Retvan Ali Hassan in his employment as a waiter was understated. The petitioner does not contest the disallowance of itemized deductions or the additions of savings bank interest. A second issue is whether respondent properly determined additions to tax under section 6653(a). [2]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, are residents of New York City, New York. They filed their joint Federal income tax returns for 1957 and 1958, and petitioner Retvan Ali Hassan filed his separate Federal income tax return for the year 1959 with the district *273 director of internal revenue, Manhattan district, New York, New York. Retvan Ali Hassan will hereinafter be referred to as the petitioner. During the taxable years petitioner worked as a waiter at Whyte's Restaurant, 145 Fulton Street, and at The Lobster, Oyster and Chop House, both in New York City. Petitioner also worked at Fano Restaurant, Bronx, New York, for one day in 1957, and at Yonkers Raceway, in the employ of H. M. Stevens, Inc., for a short period in 1959. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in 1953 as a busboy; his first full year as a waiter was 1957. Petitioner worked lunches only, full-time, at Whyte's downtown. His station was located very close to the Fulton Street entrance to the main dining room. This was an unusually poor station, since many customers refused, particularly in wintertime, to subject themselves to the discomfort *274 caused by the drafts which were created each time the door was opened. For this reason, the efforts of the union delegate and the headwaiter to see that petitioner served the same number of customers as the other waiters were not completely successful. Petitioner worked evenings at The Lobster, Oyster and Chop House (hereinafter referred to as The Lobster). The Lobster is situated in the vicinity of Times Square and is frequented largely by tourists. Average tips left by patrons of The Lobster were a smaller percentage of the cost of the meal than tips left at Whyte's downtown. In each of the years 1957, 1958, and 1959 petitioner received tips from The Lobster in an amount not less than the wages paid him by The Lobster in the particular year. Petitioner earned wages of $68 from his work at Yonkers Raceway in 1959. Petitioner earned tips in connection with his work at this employment. Petitioner reported tip income of $900, $1,100, and $1,200 for 1957, 1958, and 1959, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $2,051.13, $2,070.69, and $2,030.85. Respondent arrived at the amounts of such *275 understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent of his wages from other restaurants, and then subtracting the tip income reported on petitioner's income tax return for the particular year. In addition, respondent substituted standard deductions for the itemized deductions claimed on the returns, on the ground that such itemized deductions were unsubstantiated. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of the amount of tip income he received. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 *276 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The basic validity of the formula used by respondent to determine petitioner's tip income from Whyte's downtown was sustained in Barry Meneguzzo, supra. That case is controlling here. However, as in the Meneguzzo case itself, we feel that a minor adjustment is required in the application of the formula to the facts of the instant case. Petitioner had a very poor station at Whyte's during the years in question. Even though respondent adjusted his formula to make allowance generally for below-average tips received by individual waiters because of poor stations, inefficiency, and the like, we believe a further adjustment is required by the facts of this case. Applying the principles of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), we *277 hold that petitioner's tip income from Whyte's downtown, as determined by respondent, is excessive in the amounts of $175, $190, and $190 for the respective years 1957, 1958, and 1959. In all other respects, respondent's determination of petitioner's tip income from Whyte's is sustained. The second question is whether petitioner understated tip income earned at other restaurants, principally The Lobster. Petitioner kept no records of such income. By petitioner's own estimate made at trial, his tips from The Lobster were approximately equal to the total amounts of tips from all sources reported by petitioner on his returns. It is clear that tip income was understated. We believe petitioner's own testimony is a sufficient basis on which to sustain respondent's determination as to The Lobster. In no event could it be said that petitioner has proven such determination erroneous. As to the tips earned by petitioner at Fano, Inc., and Yonkers Raceway, we hold that petitioner has failed to prove error in respondent's determinations, which are accordingly sustained. The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure *278 to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112 (C.A. 2, 1953). Respondent disallowed the itemized deductions claimed by petitioners on their returns, and in their stead allowed standard deductions. The petition in this case alleged error in respondent's failure to grant petitioners deductions for such expenses as work clothes, union dues, and the like. Petitioners failed to prove that they are entitled to take deductions in excess of the standard deductions allowed by respondent. Thus, there is no error in this regard. Decision will be entered under Rule 50. Footnotes
1. Retvan Ali Hassan and Zalihe Hassan filed joint returns for 1957 and 1958; respondent addressed the statutory notices of deficiency for such years to Retvan Ali and Zalihe jointly. Retvan Ali Hassan filed a separate return for 1959; respondent addressed the statutory notice for such year to Retvan Ali alone.↩
2. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).