Ali Mustafa v. Commissioner.
Mustafa v. Commissioner
Docket No. 2728-63.
United States Tax Court
T.C. Memo 1965-67; 1965 Tax Ct. Memo LEXIS 264; 24 T.C.M. (CCH) 362; T.C.M. (RIA) 65067; March 26, 1965
J. Arthur McNamara, for the petitioner. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$688.29
$34.41
1958
770.47
38.52
The issues are (1) whether petitioner understated tip income earned *265 at Whyte's Restaurants and Hamilton House, (2) whether petitioner is entitled to deductions for union dues and work clothing, and (3) whether respondent erred in determining additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner was a resident of Brooklyn, New York. He filed his separate individual income tax returns for the years 1957 and 1958 with the district director of internal revenue, Brooklyn, New York. During the taxable years petitioner worked as a waiter at Whyte's Restaurants, 145 Fulton Street and 344 West 57th Street, New York City, and also at Hamilton House, Sheepshead Bay, *266 New York. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner regularly worked 5 lunches per week at Whyte's downtown, and no dinners. He worked 3 or 4 dinners per week at Whyte's uptown. On Sundays petitioner worked at Hamilton House, Sheepshead Bay. On his returns for 1957 and 1958, petitioner reported wages from Whyte's of $1,770.48 and $1,918.60, respectively, and wages from Hamilton House of $579.50 and $447, respectively. He reported tips of $1,500 for each year. Respondent determined understatements of petitioner's tip income for 1957 and 1958 in the respective amounts of $2,620.46 and $2,784.20. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's plus 100 percent of his wages from Hamilton House, and then subtracting the tip income reported to petitioner's income tax return for *267 the particular year. Respondent also disallowed all itemized deductions claimed on petitioner's returns and in their place allowed standard deductions. Finally, respondent determined additions to tax under section 6653(a). Petitioner was unable to produce any records of tip income earned in 1957 or 1958. In 1959, petitioner lost or destroyed whatever such records he had kept. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957 and 1958. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). *268 Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. Petitioner also claims he kept adequate records. Petitioner testified that he kept daily and weekly records of his tip income for 1957 and 1958 and that he furnished these records to the person who filled out his returns. Even if this testimony is true, petitioner lost or destroyed his records in 1959. Thus, it was not possible for either respondent or this Court to ascertain whether petitioner's records were adequate or, if the records were adequate, whether the tips reported on petitioner's returns accurately reflected the amounts of tips shown in his records. Under the circumstances, respondent was justified in using his formula to determine petitioner's tip income from Whyte's downtown. The basic validity of this formula was established in Barry Meneguzzo, supra.That case is controlling here. Petitioner has not proven that he received less than $2 of tips from Whyte's downtown for every $1 of wages earned at Whyte's downtown. He has, however, proven that a part *269 of his wages from Whyte's were earned at Whyte's uptown. Respondent applied the formula to petitioner's wages from both Whyte's. Since respondent's formula has only been shown to be valid for Whyte's downtown, an adjustment is required. Barry Meneguzzo, supra.Considering the record as a whole, we hold that respondent's determinations of petitioner's tip income from Whyte's must be reduced by $800 for 1957 and by $900 for 1958. The next question is whether petitioner understated his tip income from Hamilton House. It is respondent's position that petitioner received tips from Hamilton House in 1957 and 1958 in amounts at least equal to his wages from that source. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify this 1:1 relationship between tips and wages at Hamilton House, although he did introduce such evidence in support of his formula for Whyte's downtown. Still, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice.
Petitioner was unable to produce any records of his tip income. He has failed *270 to introduce any persuasive evidence from which we might conclude that his tips from Hamilton House were less than the amounts asserted by respondent. We hold that petitioner has not carried his burden of proof as to this question. Of the itemized deductions disallowed by respondent for lack of substantiation, petitioner has put in issue only those claimed for union dues and work clothing. Petitioner has not shown that he incurred expenses of this nature in amounts exceeding the standard deductions allowed by respondent; it follows that he has not been prejudiced by the disallowance of these items. The final question is whether petitioner is liable for additions to tax under section 6653(a).[2] We have found that petitioner understated his tip income. If such understatements resulted from the inadequacy or inaccuracy of his records, petitioner was negligent in keeping such records. See Carroll F. Schroeder, supra.If, on the other hand, the understatements were caused, intentionally or otherwise, by the persons who prepared petitioner's returns, petitioner was negligent in failing to detect and rectify the discrepancies between his records and his returns. American Properties, Inc., 28 T.C. 1100, 1116 (1957), *271 affirmed per curiam 262 F. 2d 150 (C.A. 9, 1958); Harold B. Franklin, 34 B.T.A. 927, 941 (1936). In either event, the imposition of the negligence penalty was proper. Petitioner has not carried his burden of proving error in respondent's determination. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957 and 1958. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo [Dec. 27,282], 43 T.C. 824↩ (1965).
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩