John N. Pappas and Grace Pappas v. Commissioner.
Pappas v. Commissioner
Docket No. 2344-63.
United States Tax Court
T.C. Memo 1965-69; 1965 Tax Ct. Memo LEXIS 261; 24 T.C.M. (CCH) 366; T.C.M. (RIA) 65069; March 29, 1965
J. Arthur McNamara, 20 Broadway, Vahalla, N. Y., for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in income tax and additions to tax against petitioners [1] as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$533.88
$26.69
1958
473.20
23.66
1959
343.77
17.19
*262 The issues for decision are (1) whether tip income earned by petitioner John N. Pappas at Whyte's Restaurant (downtown) was understated, and (2) whether petitioners are liable for additions to tax under section 6653(a). [2]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. John N. Pappas and Grace Pappas, husband and wife, were residents of Brooklyn, New York. They filed their joint Federal income tax returns for the years 1957 and 1959, and John N. Pappas filed his separate Federal income tax return for the year 1958, with the district director of internal revenue, Brooklyn, New York. John N. Pappas is hereinafter referred to as petitioner since Grace *263 had no income during the years in issue. He was employed during the taxable years as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City. Findings Regarding Whyte's Restaurants Reference is made to the report of the rase of Barry Meneguzzo, 43 T.C. - (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in about 1926. He had a regular station in the main dining room. On his income tax returns for 1957-1959, petitioner reported wages and tips for Whyte's downtown as follows: Year
Wages
Tips
1957
$1,742.37
$ 820
1958
1,910.05
1,633
1959
1,614.47
1,575 Respondent determined understatements of petitioner's tip income for 1957, 1958 and 1959 in the respective amounts of $2,664.74, $2,187.10, and $1,653.94. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown, and then subtracting the tip income reported on petitioner's return for the particular *264 year. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law *265 relevant to this issue are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this issue, there is no material difference between the Meneguzzo case and the instant case. Therefore, we hold that respondent's determination must be sustained. The final question is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligent penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). Decision will be entered for the respondent. Footnotes
1. John N. Pappas and Grace Pappas filed joint returns for 1957 and 1959; respondent addressed the statutory notice of deficiency for such years to John N. and Grace jointly. John N. Pappas filed a separate return for 1958; respondent addressed the statutory notice for such year to John N. alone.↩
2. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).