Eugene and Yolanda Scrobe v. Commissioner.
Scrobe v. Commissioner
Docket No. 2730-63.
United States Tax Court
T.C. Memo 1965-81; 1965 Tax Ct. Memo LEXIS 252; 24 T.C.M. (CCH) 433; T.C.M. (RIA) 65081; April 5, 1965
J. Arthur McNamara, for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$478.42
$23.92
1958
569.80
28.49
1959
449.86
22.49
The principal issues are (1) whether tip income *253 earned by petitioner Eugene Scrobe at Whyte's Restaurants was understated, and (2) whether petitioners are liable for additions to tax under section 6653(a). [1] A third issue concerns the amount of expenditures, if any, incurred by petitioner Eugene Scrobe for union dues and work clothing. This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners were residents of Brooklyn, New York. They filed their joint Federal income tax returns for the years 1957, 1958, and 1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years petitioner Eugene Scrobe (hereinafter referred to as petitioner) was employed as a waiter at *254 Whyte's Restaurants, 145 Fulton Street and 344 West 57th Street, New York City. Finding Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965). All findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner first worked as a waiter at Whyte's in 1955 or 1956. During the taxable years he usually worked 5 lunches per week at Whyte's downtown and 4 or 5 dinners per week at Whyte's uptown. On his income tax returns for 1957, 1958, and 1959, petitioner reported tip income of $1,350, $1,263, and $1,500. On his 1957 return he reported total wages from Whyte's Restaurants of $1,727. On his 1958 return he reported wages of $857.96 and $957 from Whyte's downtown and Whyte's uptown, respectively. And on his 1959 return petitioner reported wages of $897.52 and $967.60 from Whyte's downtown and Whyte's uptown, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $2,104.24, $2,366.92, and $2,194.24. Respondent *255 arrived at the amounts of such understatements by attributing to petitioner, for each year, tip income equal to 200 percent of his total wages from Whyte's Restaurants, and then subtracting the tip income reported on petitioner's return for the particular year. Respondent also determined additions to tax under section 6653(a). Petitioner claimed itemized deductions on his returns for each of the years 1957, 1958, and 1959. Among these were the following deductions claimed for petitioner's union dues and work clothing: Year
Union Dues
Work Clothing
1957 $60 $100
1958
60
140
1959
68
180 In his petition to this Court, petitioner alleged that respondent's determination of tax due, as set forth in the statutory notice of deficiency, was erroneous in failing to make allowance for union dues and work clothing expenses. Petitioner paid union dues totaling $57 in each of the taxable years. Petitioner incurred some expenditures in connection with the purchase and maintenance of special work clothing in each of the taxable years. Petitioner kept no records of his tip income. Respondent was reasonable in using a formula to determine tip income earned by petitioner *256 at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this question are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. *257 As to this question, there is no material difference between the Meneguzzo case and the instant case. Therefore, we hold that respondent's determination must be sustained. Petitioner has not proven that his tips earned each year at Whyte's downtown totaled less than 200 percent of his wages from Whyte's downtown. He has, however, shown that a part of his wages were earned at Whyte's uptown. Respondent applied the formula to petitioner's wages from both Whyte's. Since respondent's formula has only been shown to be valid for Whyte's downtown, an adjustment is required. Barry Meneguzzo, supra.From petitioner's testimony at trial, it appears that petitioner's tips from Whyte's uptown were about three-fifths or two-thirds as great as his tips from Whyte's downtown. Accordingly, we hold that the understatements of tip income determined by respondent should be reduced by $650, $725, and $650 for 1957, 1958, and 1959, respectively. The second issue is whether respondent properly determined additions to tax under section 6653(a). Petitioner's failure to keep records of his tip income constituted negligence resulting in an underpayment; consequently, respondent's determination *258 is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). The final issue concerns the amounts of union dues and work clothing expense deductible by petitioner. The full statutory notice of deficiency is not in the record. We cannot say with assurance from the record and the evidence before us whether respondent disallowed, in whole or in part, the deductions claimed on petitioner's returns. [2] We have found that petitioner paid $57 in each year for union dues, and that he also had some expenses in connection with the purchase and maintenance of work clothing. Although the evidence does not provide a basis for a precise determination of petitioner's work clothing expense, we find, under the principles of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), that such expenses *259 $50were in each of the years in issue. Only if the statutory notice of deficiency allowed smaller deductions for union dues and work clothing expense than the amounts hereinabove determined will the latter amounts become important. The standard deductions allowed by respondent for 1957 and 1958 were less than the sum of the itemized deductions claimed on petitioner's returns, so at least some of such deductions must have been disallowed. If respondent allowed smaller deductions for union dues or work clothing than the amounts found by us, the latter will control if a lower tax will result thereby than would result from allowance of a standard deduction. Otherwise, petitioner will be entitled to the larger of the standard deduction, computed on the basis of the adjusted gross income resulting from our decision, or the sum of the itemized deductions not disallowed by respondent. For 1959, the standard deduction, even after our adjustment to respondent's determination, is larger than the sum of the itemized deductions *260 claimed on the return. Petitioner has not shown that he is entitled to larger deductions than originally claimed. As the standard deduction results in a lower tax, there can be no prejudice to petitioner, even if respondent disallowed the deductions claimed. These questions will be determined under Rule 50. We express the hope that the parties can agree to computations, so that we will be spared the necessity for dealing further with such matters, which should have been set forth clearly in the pleadings and briefs. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).
2. This is largely due to the use by both parties of nearly identical pleadings and briefs in all of these related cases, regardless of individual variations.↩