RONALD G. AND KATHLEEN K. NIERI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nieri v. Commissioner
Docket No. 28849-88
United States Tax Court
T.C. Memo 1989-460; 1989 Tax Ct. Memo LEXIS 460; 57 T.C.M. (CCH) 1418; T.C.M. (RIA) 89460; August 28, 1989
Ronald G. Nieri, pro se. Barbara S. Threthewy, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special *462 Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986. [1]
Respondent determined the following deficiency in, and additions to, petitioners' Federal income tax for 1985: Additions to Tax
Deficiency
Section 6653(a)(1)
Section 6653(a)(2)
$ 300
$ 15
*
The only issues for decision in this case are (1) whether petitioners had unreported tip income, and (2) whether petitioners are liable for additions to tax pursuant to section 6653(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Las Lunas, New Mexico at the time they filed their petition. Petitioners timely filed *463 a joint Federal income tax return for 1985. During 1985, petitioner Kathleen Nieri, hereinafter referred to as petitioner in the singular, worked as a waitress for Harrigan's restaurant in Albuquerque, New Mexico. Petitioner generally worked various day shifts, earning an hourly wage of $ 2.01 plus tips. Petitioner gave a share of her tips to bar and bus personnel. She reported the remainder of the tips to Harrigan's on her sign out sheet at the end of each shift. Petitioner's paycheck stub reflected a running total of the reported tips, as well as her net pay based on the hourly wage. For 1985, petitioner reported tips of $ 4,232 to Harrigan's and on her Federal income tax return. At the close of the taxable year 1985, Harrigan's reported on Form W-2 $ 1,332.06 in "allocated tips" for petitioner. [2] Petitioner did not include the allocated tips on her 1985 joint income tax return. Respondent determined a deficiency based on petitioner's failure to report the allocated tips as income. Petitioner contends that the allocated tips were not earned and that the allocation method per the regulations is unfair, and, therefore, invalid. Petitioner has the burden of proving the allocated *464 tips were not income to her for 1985. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Tips are income. Sec. 61(a); sec. 1.61-2(a)(1), Income Tax Regs.; see Anson v. Commissioner, 328 F.2d 703 (10th Cir. 1964), affg. a Memorandum Opinion of this Court. Section 6053 and the regulations thereunder provide the general framework for the reporting of tips. Every employee who receives tips in the course of employment must report those tips to the employer on at least a monthly basis. Sec. 6053(a). In turn, certain employers must report these tips, and allocated tips, to the Secretary. Secs. 6053(c)(1)(D); 6053(c)(1)(E). The amount of allocated tips is computed under section 6053(c)(3)(A), according to one of the methods comprehensively prescribed in the regulations. See secs. 31.6053-3(d)(1), (e), and (f), Employment Tax Regs. Generally, the amount of allocated tips equals eight percent of gross receipts less actual tips reported by the employee. Sec. 6053(c)(3)(A). The employer is not responsible to any employee with respect to any dispute over the allocation of tips if the allocation is made in accordance with the prescribed regulations. *465 Sec. 6053(c)(5). In addition to reporting tips as income, all taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). When a taxpayer receives tips on a daily basis, the required records necessarily include an accurate and contemporaneous diary of such income. Sec. 1.6001-1(a), Income Tax Regs; Bruno v. Commissioner, T.C. Memo. 1985-168. Taxpayers must keep these records "so long as the contents thereof may become material in the administration of any internal revenue law". Sec. 1.6001-1(e), Income Tax Regs.
If taxpayers do not keep records of tip income, or if their records do not clearly reflect income, respondent may compute income in a manner that does clearly reflect income. Sec. 446(b); Meneguzzo v. Commissioner, supra at 831. Here petitioner kept no contemporaneous *466 record or diary of tip income earned in 1985. Petitioner did enter her tips on her sign out sheet at the end of each shift. However, these entries were only estimates of actual tips earned by petitioner, and did not account for amounts petitioner tipped out to the bar and bus employees. The sign out sheets, therefore, do not constitute the type of "records" required for purposes of section 1.6001-1, Income Tax Regs. See Marvin v. Commissioner, T.C. Memo. 1980-509. Furthermore, at trial petitioner did not produce the time sheets, paycheck stubs, or any other evidence that the tips were not taxable income to her for 1985. Respondent, therefore, reconstructed petitioner's income for that year to include the tips allocated to petitioner by Harrigan's. Harrigan's allocated the tips pursuant to a method permitted under the regulations to section 6053. See sec. 31.6053-3(f), Employment Tax Regs. At trial petitioner presented no evidence that the allocated tips were not taxable income to her for 1985. Thus, petitioner has not met her burden of proving error in respondent's determination of her 1985 income tax liability. Accordingly, respondent is sustained on the issue. *467 Respondent also determined additions to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations in 1985. Petitioner has the burden of proving respondent's determination of the addition to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioner admittedly failed to make and retain an accurate record of her tip income for 1985 as required by section 6001 and has offered no evidence to justify her failure to do so. Consequently, respondent's determination with respect to the additions to tax provided by section 6653(a) are sustained. Meneguzzo v. Commissioner, supra at 836. Based on the foregoing, Decision will be entered for the respondent. Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩
2. There appears to be an error somewhere in the computation of the allocated tips. However, since neither party questions the mathematical correctness of the $ 1,332.06 figure, it will be assumed to be the correct allocation.↩