Stamos Stathes and Ourania Stathes v. Commissioner.
Stathes v. Commissioner
Docket No. 2088-63.
United States Tax Court
T.C. Memo 1965-82; 1965 Tax Ct. Memo LEXIS 253; 24 T.C.M. (CCH) 436; T.C.M. (RIA) 65082; April 5, 1965
J. Arthur McNamara, for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Sec. 6653(a),
Year
Income Tax
I.R.C. 1954
1957
$627.55
$31.38
1958
572.28
28.61
1959
514.34
25.72
The issues are (1) whether tip income earned *254 by petitioner Stamos Stathes at Whyte's downtown and other restaurants was understated, (2) whether petitioners are liable for additions to tax under section 6653(a), [1] and (3) whether petitioners are entitled to additional deductions for union dues, work clothing expense, or (for 1959 only) busboys' tips. This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, were residents of New York City, New York. They filed their joint Federal income tax returns for the years 1957, 1958, and 1959 with the district director of internal revenue, Manhattan, New York. During the taxable years Ourania Stathes had no income, and Stamos Stathes *255 (hereinafter referred to as petitioner) was employed as a waiter, principally at Whyte's Restaurant, 145 Fulton Street, New York City. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner regularly worked lunches and dinners, 5 days per week, at Whyte's downtown. He had a station of about 10 chairs in the main dining room. During 1957 petitioner sometimes worked at Recineway Restaurant, Bronx, New York, but received no tips from this employment. During 1958 and 1959, petitioner sometimes worked at Tropical Acres Restaurant, Yonkers, New York. On his income tax returns for the years 1957, 1958, and 1959, petitioner reported wages from Whyte's downtown, and tip income as follows: Year
Whyte's Wages
Tips
1957
$1,723.55
$ 750.00
1958
1,834.00
1,123.50
1959
1,821.90
2,100.00 Petitioner also reported wages of $288 from Recineway Restaurant for 1957, and wages of $222 *256 and $298 from Tropical Acres for 1958 and 1959, respectively. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $2,985.10, $2,766.50, and $1,841.80. Respondent arrived at the amounts of such understatements by attributing to petitioner for each year tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent of his wages from Recineway for 1957 and from Tropical Acres for 1958 and 1959, and then subtracting the tip income reported in the particular year's return. Respondent also determined additions to tax under section 6653(a). Petitioner kept no records of his tip income. Respondent acted reasonably in using a formula to determine tip income earned by petitioner at Whyte's downtown. On each of his returns for 1957, 1958, and 1959, petitioner claimed itemized deductions for, inter alia, union dues and work clothing expense. For 1957 and 1958, respondent allowed petitioner standard deductions, which, due to respondent's determinations of increased tip income, were larger than the total of the itemized deductions claimed by petitioner. For 1959, respondent, to reflect the increased adjusted *257 gross income resulting from his determination, reduced the medical expense deduction claimed by petitioner. On a schedule attached to page 1 of his 1959 return, petitioner claimed a deduction or exemption in the amount of $445 for meals and busboys' tips. Respondent disallowed this item as unsubstantiated, unallowable, and for the further reason that an allowance for busboys' tips was incorporated in respondent's determination of tip income. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner *258 contends that he was exempted by the controlling regulations for all recordkeeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. The facts and law relevant to this issue are, in all essentials, the same as those in Barry Meneguzzo, supra. In that case we upheld respondent's determination of understatements of tip income earned at Whyte's downtown. As to this issue, there is no material difference between the Meneguzzo case and the instant case. Therefore, we hold that respondent's determination must be sustained. The second question concerns tips earned by petitioner at restaurants other than Whyte's downtown. Inasmuch as petitioner received no tips from Recineway in addition to the wages reported on his 1957 return, respondent erred in attributing to petitioner tips for 1957 equal to his wages from Recineway. An appropriate adjustment will be made. As to petitioner's tips from Tropical Acres in 1958 and 1959, respondent asserts these amounted to at least 100 percent of petitioner's wages from Tropical Acres. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try *259 to justify a 1:1 relationship between tips and wages at Tropical Acres, although he did introduce such evidence in support of his formula for Whyte's. Nevertheless, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice. Petitioner kept no records of his tip income. He has failed to introduce any evidence from which we might conclude that his tips from Tropical Acres were less than the amounts asserted by respondent. We hold that petitioner has failed to carry his burden of proof as to this matter. The next issue is whether respondent erred in determining additions to tax under section 6653(a). Petitioner's failure to keep records constituted negligence resulting in an underpayment; consequently, respondent's determination is sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
Petitioner argues that respondent's acceptance of petitioner's returns for years prior to 1957 bars respondent from now determining deficiencies and from asserting negligence penalties. This argument *260 is wholly without merit. See, e.g., Caldwell v. Commissioner, 202 F. 2d 112, 115 (C.A. 2, 1953). The final issue concerns petitioner's expenses for union dues, work clothing, and (for 1959) busboys' tips. For 1957 and 1958, respondent did not disallow any deductions claimed by petitioner. Respondent simply allowed petitioner standard deductions, which, because of adjustments in income, were larger than the sum of the itemized deductions claimed on the returns. Petitioner has not shown that he is entitled to larger deductions than he originally claimed, so there is no error. For 1959, respondent did not disturb the deductions claimed by petitioner for union dues or work clothing. Since petitioner has not proven that he is entitled to larger deductions for these items, no adjustment is now required. Respondent did disallow a deduction claimed on petitioner's 1959 return for meals and busboys' tips. Petitioner contests such disallowance only insofar as it relates to busboys' tips. Respondent points out that an allowance for busboys' tips was included in the formula for determining tip income at Whyte's downtown. Petitioner has produced no evidence relating to amounts *261 he expended for busboys' tips at Recineway or Tropical Acres, nor has he produced evidence that he gave the busboys at Whyte's downtown more than the 15 percent of his gross tips allowed by respondent. We hold that respondent did not err in his treatment of petitioner's deductions. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioners, see Barry Meneguzzo, 43 T.C. 824↩ (1965).