Luca Stavriotis v. Commissioner.
Stavriotis v. Commissioner
Docket No. 1967-63.
United States Tax Court
T.C. Memo 1965-89; 1965 Tax Ct. Memo LEXIS 241; 24 T.C.M. (CCH) 463; T.C.M. (RIA) 65089; April 8, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioners. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Income
Sec. 6653(a),
Year
Tax
I.R.C. 1954
1957
$434.29
$21.71
1958
449.41
22.47
1959
501.45
25.07
The issues for decision *242 are (1) whether petitioner understated tip income earned at Whyte's and other restaurants, and (2) whether petitioner is liable for additions to tax under section 6653(a). [1]
This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner was a resident of Brooklyn, New York. He filed his separate individual Federal income tax returns for the years 1957, 1958, and 1959 with the district director of internal revenue, Brooklyn, New York. During the taxable years petitioner worked principally as a waiter at Whyte's Restaurant, 145 Fulton Street, New York City. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); *243 all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in June 1956, and began working fulltime, lunch and dinner, in 1957. Petitioner's station was in the cafe, near the Ann Street entrance, and consisted of 13 chairs. On his income tax returns for the years 1957, 1958, and 1959, petitioner reported wages from Whyte's downtown and tip income as follows: Whyte's
Tip
Year
Wages
Income
1957
$1,737.25
$1,200
1958
1,847.50
1,400
1959
1,807.90
1,700 Petitioner also reported income of $43.20 and $32.40 from Artel Foods, Inc., for 1957 and 1958, respectively, and income of $499 from Ocean Pappas, Inc., for 1959. Respondent determined understatements of petitioner's tip income for 1957, 1958, and 1959 in the respective amounts of $2,317.70, $2,327.40, and $2,414.80. Respondent arrived at the amounts of such understatements by attributing to petitioner, for each year, tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent of his wages from Artel *244 Foods, Inc., for 1957 and 1958 and from Ocean Pappas, Inc., for 1959, and then subtracting the tip income reported on the particular year's return. Respondent also determined additions to tax under section 6653(a). Petitioner has not produced records of his tip income. Respondent was reasonable in using a formula to determine the tip income earned by petitioner at Whyte's downtown. Opinion The first issue is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1957, 1958, and 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations *245 from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. Petitioner also claims he kept adequate records. Petitioner testified that in each of the years in issue he kept daily records of his tip income, "more or less," in a small notebook, and that each year he took his notebook and W-2 forms to the internal revenue service office in Brooklyn to have his returns filled in. Petitioner contends on brief that his records were lost when the waiters' lockers at Whyte's were moved; there is, however, no evidence of record to support this explanation for petitioner's inability to produce his records. Petitioner apparently has abandoned his improbable story that the revenue agents who assisted him in filling out his returns told petitioner he no longer needed his records. Petitioner also testified that in 1960 or 1961 he discontinued his practice of keeping records in a notebook and switched to a different method of keeping records; petitioner claims that he has been reporting several hundred dollars more tip income than his new records show he earned "just to be correct in my conscience." The inherent improbability *246 of petitioner's tips for three consecutive years totaling exactly $1,200, $1,400, and $1,700, and the strong factual bases for respondent's formula, along with the presence of union delegates to assure that each waiter served an equal number of customers, convince us that petitioner's contentions cannot be sustained. [2] Respondent's use of his formula for Whyte's downtown was proper. The validity of the formula used was sustained in Barry Meneguzzo, supra; that case is controlling here. The next question concerns the tip income earned by petitioner at Artel Foods, Inc., in 1957 and 1958, and at Ocean Pappas, Inc., in 1959. It is respondent's position that petitioner received tips in connection with his work at these establishments in amounts at least equal to his wages for such work. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify this 1:1 relationship between tips and wages at Artel Foods or at Ocean Pappas, although he did introduce such evidence in support of his formula for Whyte's. Nevertheless, *247 respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous, Rule 32, Tax Court Rules of Practice. Petitioner introduced no persuasive evidence from which we might conclude that his tips from Artel Foods or Ocean Pappas were less than the amounts asserted by respondent. We hold that petitioner has failed to carry his burden of proof as to this matter. The final issue is whether respondent erred in determining additions to tax under section 6653(a). [3] We have held that petitioner substantially understated his tip income in each of the years before us. Respondent contends that such understatements resulted from petitioner's failure to keep adequate and accurate records. Petitioner has not convinced us that respondent's contention is erroneous. Hence, the additions to tax must be sustained. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
*248 Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1957-1959. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo, 43 T.C. 824↩ (1965).
2. We note also that petitioner apparently doubted the accuracy of his own record-keeping methods in later years.↩
3. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩