Gregory Sakalis v. Commissioner.
Sakalis v. Commissioner
Docket No. 2974-63.
United States Tax Court
T.C. Memo 1965-90; 1965 Tax Ct. Memo LEXIS 242; 24 T.C.M. (CCH) 465; T.C.M. (RIA) 65090; April 8, 1965
J. Arthur McNamara, 20 Broadway, Valhalla, N. Y., for the petitioner. Frederic S. Kramer, Kennard L. Mandell, Lee S. Kamp, Michael D. Weinberg, and Marie L. Garibaldi, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the year 1959 in the amount of $647.16 and an addition to tax under section 6653(a) [1] of $49.47. [2] The issues are (1) whether petitioner understated tip income earned at Whyte's and other restaurants, *243 (2) whether petitioner is liable for additions to tax under section 6653(a), [3] and (3) whether petitioner is entitled to additional deductions for union dues and work clothing expense. This is one of a group of cases brought by waiters at Whyte's Restaurant, 145 Fulton Street, New York City. Although the cases were not consolidated, the parties have stipulated that certain evidence shall be considered in all such cases. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner was a resident of New York City, New York, and filed his individual Federal income tax return for the year 1959 with the district director of internal revenue, Manhattan, New York. During 1959 petitioner worked primarily as a waiter at various restaurants, including Whyte's, in the New *244 York City area. Findings Regarding Whyte's Restaurants Reference is made to the report of the case of Barry Meneguzzo, 43 T.C. 824 (1965); all findings of fact in such report under the heading "Findings Regarding Whyte's Restaurants" are hereby found and such findings are incorporated herein by this reference. Other Findings Petitioner began working at Whyte's downtown in 1959. He worked less than the full year as a regular luncheon waiter. Petitioner worked 4-5 evenings per week at The Lobster, Oyster and Chop House (hereinafter referred to as The Lobster), in New York City. He also worked at Lobster Box Restaurant, City Island, New York, and worked one day for Union News Company. On his 1959 return, petitioner reported wages of $936.24 from Whyte's downtown, $1,077.51 from The Lobster, $546 from Lobster Box Restaurant, and $7.50 from Union News Company. Petitioner also reported tip income of $1,000. Respondent determined an understatement of $2,502.99 in petitioner's tip income for 1959. Respondent arrived at the amount of such understatement by attributing to petitioner, tip income equal to 200 percent of his wages from Whyte's downtown plus 100 percent *245 of his wages from other sources, and then subtracting the tip income reported on the 1959 return. [4] Respondent also determined additions to tax under section 6653(a). Petitioner claimed itemized deductions on his 1959 return, including deductions of $80 for union dues and $180 for work clothing expense. Respondent disallowed all itemized deductions claimed by petitioner, on the ground that they were unsubstantiated, and instead allowed a standard deduction. Petitioner produced no records of his tip income. Respondent was reasonable in using a formula to determine tip income earned by petitioner at Whyte's downtown. Opinion The first question is whether respondent erred in using a formula to determine that petitioner understated his tip income earned at Whyte's downtown in 1959. Respondent relies upon section 446(b) of the 1954 Code and section 1.6001-1(a), Income Tax Regs. Respondent also relies upon the decisions in Anson v. Commissioner, 328 F. 2d 703 (C.A. 10, 1964), affirming a Memorandum *246 Opinion of this Court; Mendelson v. Commissioner, 305 F. 2d 519 (C.A. 7), affirming a Memorandum Opinion of this Court, certiorari denied 371 U.S. 877 (1962); Carroll F. Schroeder, 40 T.C. 30 (1963); and Dorothy L. Sutherland, 32 T.C. 862 (1959). Petitioner contends that he was exempted by the controlling regulations from all record-keeping requirements, and that in any event respondent's formula was arbitrary and erroneous in several respects. Petitioner also claims he kept adequate records. Petitioner's testimony concerning his alleged records was somewhat vague and contradictory. He first stated that he had records of his tips at Whyte's for the first month or two he worked there. He later testified that he kept daily and weekly records of all his tip income, and that he used such weekly records in filling out his returns. Petitioner stated that he believed he still had his records at home; he offered no explanation for his failure to produce them at trial. We are not satisfied that petitioner kept adequate, accurate records of his 1959 tip income, or, if he had such records, that they were used in filling out his returns. *247 Respondent was wholly justified in using his formula to determine the tip income earned by petitioner at Whyte's downtown. The validity of the formula was established in Barry Meneguzzo, supra, and that case is controlling here. The second question concerns the amounts of tip income earned by petitioner at The Lobster, Lobster Box Restaurant, and Union News Company. It is respondent's position that petitioner received tips from these sources in amounts at least equal to his wages therefrom. Respondent does not disclose the basis for this assertion. He did not introduce evidence to try to justify a 1:1 relationship between tips and wages earned at these employments, although he did introduce such evidence in support of his formula for Whyte's downtown. Nevertheless, respondent's position does not appear to be wholly unrelated to the facts, and petitioner has the burden of proving it erroneous. Rule 32, Tax Court Rules of Practice. Petitioner did not produce any records of his tip income. He introduced no credible evidence from which we might conclude that his tips from The Lobster, Lobster Box Restaurant, or Union News Company were less than the amounts asserted by respondent. *248 We hold that petitioner has not carried his burden of proof as to this question. The next issue is whether petitioner is liable for additions to tax under section 6653(a). [5] We have held that petitioner substantially understated 1959 tip income. Respondent contends such understatement resulted from petitioner's failure to keep adequate and accurate records. Petitioner has not convinced us that respondent's contention is erroneous. Hence, the additions to tax must be sustained, but are of course limited to 5 percent of the underpayment, as provided for by section 6653(a) supra. Barry Meneguzzo, supra; Carroll F. Schroeder, supra.See also Mendelson v. Commissioner, supra.
*249 The final issue concerns petitioner's deductions for union dues and work clothing. [6] Petitioner has not shown that he is entitled to such deductions in a total amount exceeding the standard deduction allowed by respondent. Accordingly, petitioner has not demonstrated prejudicial error in respondent's actions. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise stated, all statutory references are to the 1954 Code as applicable during 1959. ↩
2. Respondent does not explain why the penalty he determined under section 6653(a) exceeds 5 percent of the asserted deficiency.↩
3. As to whether the negligence penalty should be considered to have been put in issue by petitioner, see Barry Meneguzzo, 43 T.C. 824↩ (1965).
4. A discrepancy of 50 cents between wages shown on the return and wages used by respondent is not explained. The discrepancy favors petitioner.↩
5. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - In any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
6. Petitioner does not contest respondent's disallowance of other deductions.↩