T.C. Summary Opinion 2006-114

UNITED STATES TAX COURT

WILLIAM E. AND KAREN L. KIVETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15448-04S.                     Filed July 18, 2006.

Karen L. Kivett, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard

pursuant to section 7463 in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
Under sec. 7491, the burden of proof shifts to the Commissioner
if the taxpayer complies with the requirements to substantiate
any item and maintains records and cooperates with reasonable
requests for witnesses, information, documents, meetings, and
interviews.  The facts of this case do not warrant a shift in the
(continued...)

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined against petitioners a deficiency of $16,010 in Federal income tax and the accuracy-related penalty under section 6662(a) for their 2000 tax year.

The issues for decision are: (1) Whether respondent properly determined gross income under the bank deposits method with respect to an activity conducted by Karen L. Kivett (petitioner), and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence and/or substantial understatement of tax.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Yakima, Washington.

Respondent's determination arises solely from an activity conducted by petitioner. There is no issue with regard to the income or expenses of petitioner's spouse, who was a Federal employee.

The activity in question was referred to and described as a "gifting club" operated by petitioner. This club was

---

[1](...continued)
burden of proof to respondent. Under sec. 7491(c), as to penalties, the burden of production is on respondent. The facts of this case, as recited, show that respondent has met that burden.

characterized by respondent as a "pyramid" wherein participants contributed money to petitioner that was deposited in petitioner's bank account. As additional participants made contributions to the club, the previous contributors would go up one level and would move up again as further contributions were made. At some level, not indicated in the evidence, the participants at the top level received either all or part of the most recent contributions made at the lowest level. The record does not show how much or what percentage of these contributions went to petitioner for her services in conducting this activity. Respondent was unable to obtain any books and records from petitioner, as she denied that such activity even existed. Respondent determined, however, that petitioner realized income from this activity, and, since no income from such activity was reported on petitioners' joint income tax return for 2000, through a bank deposits analysis, respondent concluded that petitioner realized net income of $72,434 from this gifting club during 2000.

One of the witnesses at trial was a retired dentist who participated in the activity during the year at issue. He participated because he was having financial problems and believed he could realize money from this activity. According to his testimony, each entry in the club was $2,000, which could be made by one investor or split among several investors to make up

the $2,000.  He participated a few times and did receive some moneys but was not sure whether he realized any net gains.  After two or three times, he no longer participated in the activity.

In the notice of deficiency, respondent determined that petitioner's conduct of this activity resulted in petitioner's earning $72,434 during the year 2000.  Since no books and records were maintained by petitioner as to this activity, respondent made the determination under a bank deposit analysis of petitioner's bank account.

Taxpayers are required under section 6001 to keep such records as may be required to sufficiently establish gross income.  Anson v. Commissioner, 328 F.2d 703, 705 (10th Cir. 1964), affg. Bassett v. Commissioner, T.C. Memo. 1963-10.  If a taxpayer either fails to keep the required records, or if the records do not clearly reflect income, respondent is authorized under section 446(b) to reconstruct income by a method which clearly reflects income.  Id.; Sutherland v. Commissioner, 32 T.C. 862 (1959).  The bank deposits method is an acceptable method of reconstructing income and may be used to establish the correct amount of income.  See Michalowski v. Commissioner, T.C. Memo. 1976-192 (and cases cited therein).

Petitioner contends that the unexplained deposits of $72,434 are accounted for by $60,000 she borrowed from an insurance company during 2000, approximately $20,000 from another insurance

company as a result of an automobile accident, and approximately $14,500 she received from her mother.  Thus, petitioner argues, these cash sources account for the moneys respondent contends were contributions of the participants in the gifting club.

The bank records, exemplified in respondent's bank deposits analysis, do not support petitioner's argument.  With respect to the moneys that petitioner claims she received, those moneys are credited in respondent's analysis as nontaxable receipts.  Respondent's analysis further shows numerous deposits throughout the year from individuals in amounts of $500, $1,000, $1,500, and $2,000, thus lending credence that these deposits were intended for the gifting club.

In Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994), this Court held:

> The use of the bank deposits method for computing unreported income has long been sanctioned by the courts.  DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  When a taxpayer keeps no books or records and has large bank deposits, the Commissioner is not arbitrary or capricious in resorting to the bank deposits method of computing income.  Id.

> Bank deposits are prima facie evidence of income, Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and the taxpayer has the burden of showing that the determination is incorrect, Estate of Mason v. Commissioner, 64 T.C. 651, 657 (1975), affd. 566 F.2d 2 (6th Cir. 1977).  In such case the Commissioner is not required to show a likely source of income, id., although here she has done so.  The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account

any nontaxable source or deductible expense of which it has knowledge.  <u>DiLeo v. Commissioner</u>, 96 T.C. at 868.

As noted earlier, petitioner kept no books and records.  The numerous deposits in her account throughout the year corroborated the testimonial evidence that indeed a gifting club existed and that the activity was conducted by and managed by petitioner. The Court is satisfied that, in the bank deposits analysis, respondent made the proper allowances or credits for deposits that did not constitute gross income.  Petitioner presented no documentary evidence to disprove respondent's analysis. Accordingly, the Court sustains respondent's determination that petitioner realized $72,434 in income during the year at issue.

The remaining issue is respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations for the year 1997.  Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations or to a substantial understatement of tax.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the

provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and reliance on the advice of a professional, such as an accountant. Drummond v. Commissioner, T.C. Memo. 1997-71, affd. in part and revd. in part without published opinion 155 F.3d 558 (4th Cir. 1998). However, the most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of fact or

law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  <u>Remy v. Commissioner</u>, T.C. Memo. 1997-72.

The facts of this case do not support petitioner.  She sponsored an activity for the purpose of generating income, and in which she was quite successful.  There is little argument, if any, that can be made for petitioners' exoneration of this penalty, nor have petitioners advanced any argument.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>