T.C. Memo. 2006-202

UNITED STATES TAX COURT

OMNITEC CORPORATION, AN ADMINISTRATIVELY DISSOLVED CORPORATION,
LELAND V. LAMMERT, PRESIDENT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10271-03.              Filed September 25, 2006.

Leland V. Lammert (an officer), for petitioner.

James A. Kutten, for respondent.

MEMORANDUM OPINION

COUVILLION, Special Trial Judge: Respondent determined
deficiencies in petitioner's Federal income taxes for taxable
years ending September 30, 1998 and 1999, of $10,976 and $4,984,

respectively, and additions to tax under sections 6651(a)(1)[1] and 6654 as follows:[2]

| Taxable Year Ended | Sec. 6651(a)(1) | Sec. 6654 |
|---|---|---|
| 9/30/98 | $2,469.60 | $537.91 |
| 9/30/99 | 1,121.40 | 238.04 |

The issues for decision are: (1) Whether the income and expenses of a business conducted under the names of Omnitec

---

[1]All section references are to the Internal Revenue Code as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The petition was filed pursuant to sec. 7463 as a small tax case. Prior to trial, petitioner moved to have the case considered under sec. 7443A(b)(3). Petitioner's motion was granted. In the notice of deficiency, respondent determined the addition to tax under sec. 6651(a)(2) but conceded that adjustment at trial. Counsel for respondent also advised the Court that the notice of deficiency determined an addition to tax under sec. 6654, and that, instead, the determination was under sec. 6655, failure of a corporation to pay estimated income taxes.

[2]Under sec. 7491(a)(1), with respect to audits commencing after July 22, 1998, the burden of proof shifts to respondent where the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the tax liability. The burden of proof, however, does not shift where the taxpayer fails to comply with requirements for substantiation of any item, has not maintained books and records with respect to any activity in question, and fails to cooperate with reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). In this case, petitioner failed on several fronts in complying with basic and fundamental requirements, such as maintaining books and records and providing such records to respondent in connection with the audit, which required respondent to resort to an indirect method of determining income. The burden of proof, therefore, has not shifted to respondent under sec. 7491(a); however, under sec. 7491(c), relating to penalties and additions to tax, the burden of production is on respondent.

Corp., Omnitec, Inc., and L.V. Properties, Inc., constitute the income and expenses of petitioner (identified and referred to herein as Omnitec Missouri);[3] (2) whether the income attributed to petitioner was properly determined under the bank deposits analysis method; and (3) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6655.

## Background

Some of the facts were stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner was domiciled at St. Louis, Missouri, at the time the petition was filed.

Petitioner is a corporation that was organized in the State of Missouri on December 15, 1980, under the name Orion Laboratories, Inc. The name was changed in 1985 to Omnitec Corp. The corporation was administratively dissolved by the State of

---

[3]At the outset, it is necessary to clarify and distinguish between the taxpayers in this case. There are two corporations that bear an identical name: Omnitec Corp. One corporation was organized under the laws of Missouri, and the other corporation was organized under the laws of Nevada. The corporations, therefore, are referred to in this opinion, respectively, as "Omnitec Missouri" and "Omnitec Nevada". The notice of deficiency was issued to Omnitec Missouri based on respondent's determination that the trade or business activity conducted in the name of "Omnitec Corp." was in truth and in fact the business of Omnitec Missouri, a determination challenged by Omnitec Missouri.

Missouri on June 14, 1999, for failure to file its annual registration report.[4]

Another corporation bearing the name of Omnitec Corp. was incorporated in the State of Nevada on July 12, 2000. The corporation was organized sometime earlier; however, the articles of incorporation were not filed with the State of Nevada until July 12, 2000. This corporation qualified to do business in Missouri on July 2, 2003. This corporation is referred to as Omnitec Nevada. See supra note 3.

The third corporation, referred to above, L.V. Properties, Inc., was organized on July 28, 1986, by Leland V. Lammert, the incorporator of Omnitec Missouri and Omnitec Nevada. See supra note 3.

There was one trade or business activity that gave rise to the income in dispute in this litigation. The basic and fundamental issue, as framed by the parties, is which of the two corporations, Omnitec Missouri or Omnitec Nevada, conducted the activity in question and, therefore, is liable for Federal income taxes on such income. In the notice of deficiency, respondent

---

[4]Under Missouri law, an administratively dissolved corporation continues its corporate existence in order to wind up its affairs. Mo. Rev. Stat. sec. 351.486.3 (1990). In Starvest U.S., Inc. v. Commissioner, T.C. Memo. 1999-314, this Court held that a dissolved corporation under Florida law continued its corporate existence indefinitely to litigate matters affecting the corporation. In this case, neither party raised objection to the institution of this case by Omnitec to challenge respondent's deficiency determination.

determined that the trade or business activity was that of Omnitec Missouri (petitioner).  Petitioner contends the trade or business activity was that of Omnitec Nevada.

The business activity in question was providing technical assistance to commercial businesses in design and development of computer systems adaptable to a customer's particular needs, including computer repairs, and other services such as development or creation of Web sites, registration services for the listing of a Web site on various search engines, development of bar codes for manufacturing businesses, and other related technology services.

The individual behind these corporations was Leland V. Lammert (Mr. Lammert).  Mr. Lammert has a Ph.D. in engineering and attended the University of Missouri, Southern Methodist University, and California Western University.  It appears that his sole business activity was his engagement with the three corporations described.

Of the three entities described, Omnitec Missouri, Omnitec Nevada, and L.V. Properties, Inc., only Omnitec Nevada filed Federal income tax returns for the fiscal years at issue.[5]  The

---

[5]Based on the certificates of official record offered into evidence at trial, the return for fiscal year ending Sept. 30, 1998, was received by the IRS on June 16, 2002, and the return for fiscal year ending Sept. 30, 1999, was received by the IRS on June 19, 2002.  Both returns are dated by the preparer, May 14, 2002.

other two corporations, including petitioner, did not file Federal income tax returns.

At some point, Mr. Lammert was contacted by an agent of the IRS requesting a conference with respect to Omnitec for one of the tax years at issue. Presumably, this would have been Omnitec Nevada because that was the only one of the three corporations that had filed income tax returns. Mr. Lammert declined that request. The agent followed up with a second request, and that request was also declined. At that point, the agent decided that respondent would proceed to an audit of fiscal years ending September 30, 1998, and September 30, 1999, the fiscal years on the returns filed by Omnitec Nevada. Summonses were served on two banks that maintained accounts for Omnitec Missouri and L.V. Properties, Inc. One of the accounts of L.V. Properties, Inc., at one of the banks bore the same employer identification number as Omnitec Missouri, No. 43-1215073. At the other bank, another account for L.V. Properties, Inc., had an invalid number.

The agent then followed up by contacting several customers or businesses that had engaged the services of Omnitec, and, at the agent's request, these businesses provided approximately 71 invoices or bills that had been issued to them for services provided by Omnitec during the years in issue. None of these invoices explicitly identified the services as having been provided either by Omnitec Nevada, L.V. Properties, Inc., or

Omnitec Missouri.  All the invoices were on printed stationery of Omnitec, Inc., with a St. Louis, Missouri, post office address. All payments received on these bills were deposited in a bank account in the name of Omnitec, Inc., at St. Louis, Missouri.

Two witnesses were called by petitioner.  Both witnesses had utilized the services of Omnitec in connection with their business activities for several years.  Neither of these witnesses expressed any knowledge that the entity providing services to them was any entity other than "Omnitec".  The Court is satisfied from their testimony that they had known Mr. Lammert for several years.  They knew of his business activity through "Omnitec" and had utilized the services offered by the entity. They offered no testimony to support Mr. Lammert's contention that the services provided were those of Omnitec Nevada.  Based on their testimony, the Court doubts that these witnesses knew that there was an Omnitec Nevada.  Copies of the bank statement of Omnitec, Inc., were offered into evidence as well as numerous copies of checks that were issued to Omnitec, Inc., which were deposited in the bank account of Omnitec, Inc.  No evidence was presented by petitioner that would establish that the bank account was an account of Omnitec Nevada or L.V. Properties, Inc.

Respondent's agent determined that, based upon an analysis of the bank account, the deposits in that account represented payments to Omnitec Missouri for services rendered, and,

therefore, such deposits constituted gross income of Omnitec Missouri.  The notice of deficiency is based on that determination.  No evidence was presented to show that the deposits were payments for services provided by Omnitec Nevada or L.V. Properties, Inc.  The witnesses offered by petitioner essentially corroborated respondent's case.

The only income tax returns filed were those filed by Omnitec Nevada, which reflected income and expenses as follows:

|  | FYE 9/30/98 | FYE 9/30/99 |
|---|---|---|
| Income |  |  |
| Gross receipts | $61,634 | $47,486 |
| Expenses |  |  |
| Repairs, maintenance | 1,506 | 249 |
| Rents | 22,275 | 28,887 |
| Taxes and licenses | 45 | -0- |
| Advertising | 1,260 | 3,200 |
| Other expenses (per an attached schedule) | 40,419 | 34,130 |
| Total expenses | 65,505 | 66,466 |
| Net losses | ($ 3,871) | ($18,980) |

The returns, accordingly, showed no Federal income taxes due for the 2 fiscal years.  In the notice of deficiency, respondent determined that the trade or business activity was that of Omnitec Missouri and determined taxable income as follows:

|  | FYE 9/30/98 | FYE 9/30/99 |
|---|---|---|
| Income |  |  |
| Gross receipts | $89,870 | $60,989 |
| Gross rents | 20,450 | 9,419 |
| Omnitec expenses | (41,910) | (33,185) |
| Rental expenses | (4,504) | (3,996) |
| Taxable income | 63,906 | 33,227 |

## Discussion

The first issue is whether the business activity described was the activity of Omnitec Missouri, as respondent contends, or the activity of Omnitec Nevada, as petitioner contends.

Respondent determined that the taxpayer was Omnitec Missouri, and the notice of deficiency was issued to Omnitec Missouri. The Court sustains that finding. The record shows that Omnitec Missouri was actively engaged in a trade or business activity. The bank statements offered into evidence support such a conclusion as well as the invoices to customers or clients who were provided services by Omnitec, Inc., which was based in St. Louis, Missouri, including the testimony of the two witnesses at trial who were called by Mr. Lammert. There was a Web site for Omnitec, Inc., which listed a St. Louis, Missouri, address, with no indication of any other Omnitec Corp. at some other location. The statements, bills, and invoices that were issued by Omnitec also provided the same information.

It is very clear to the Court, on the record presented, that the business that held itself out to the general public and its patrons as Omnitec, Inc., was Omnitec Missouri. Moreover, Omnitec Missouri was the corporation engaged in the trade or business activity that was described at trial, and there is no evidence to support the contention that the activity in question was that of Omnitec Nevada. Additionally, there is no evidence

to support a finding that any part of the activity in question was that of L.V. Properties, Inc., or that Omnitec Nevada was engaged in any business activity. The Court, therefore, sustains respondent's determination that the trade or business activity was that of petitioner Omnitec Missouri.

The second issue is whether respondent properly determined the income of petitioner, Omnitec Missouri, using the bank deposits analysis method, the results of which are outlined above.

The bank deposits analysis method is an accepted method of income determination where books and records are either not maintained by a taxpayer, or where the taxpayer refuses to produce books and records.

Taxpayers are required under section 6001 to keep such records as may be required to sufficiently establish gross income. Anson v. Commissioner, 328 F.2d 703, 705 (10th Cir. 1964), affg. Bassett v. Commissioner, T.C. Memo. 1963-10. If a taxpayer either fails to keep the required records, or if the records do not clearly reflect income, the Commissioner is authorized under section 446(b) to reconstruct income by a method which clearly reflects income. Anson v. Commissioner, supra; Sutherland v. Commissioner, 32 T.C. 862 (1959). The bank deposits method is an acceptable method of reconstructing income and may be used to establish the correct amount of income.

Michalowski v. Commissioner, T.C. Memo. 1976-192 (and cases cited therein).  Under section 7491(a), the burden of proof does not shift to petitioner.  See supra note 2.  Moreover, in Tokarski v. Commissioner, 87 T.C. 74 (1986), this Court held that, where a taxpayer is in receipt of bank deposits, respondent does not have the burden of going forward with evidence linking the taxpayer to an income-producing activity as a precondition to requiring the taxpayer to satisfy his burden of proof.  Thus, the burden of showing error in the bank deposits analysis is on the taxpayer.

Respondent's agent made an exhaustive review of bank records to arrive at a determination of petitioner's income.  The audit included contacts with numerous businesses that had utilized the services of Omnitec.  None of these businesses had any reason to believe that the services provided to them were other than the services of Omnitec Missouri.  Respondent's use of this indirect method of income determination was warranted in light of the refusal of Mr. Lammert, an officer of Omnitec Missouri, to cooperate in the audit by providing books and records to show the income and expenses of Omnitec Missouri or to show that the activity conducted under the names of Omnitec Corp. and Omnitec, Inc., was an activity of Omnitec Nevada.  The agent concluded that the activity was an activity of Omnitec Missouri and calculated the income and allowable expenses leading to the determination of the deficiencies.  No evidence was presented to

the contrary at trial.  The entire trial was focused on petitioner's contention that the taxpayer was not Omnitec Missouri but was Omnitec Nevada.  The Court, on this record, sustains respondent in determining the taxpayer to be Omnitec Missouri, petitioner herein, and in determining the income and expenses as set forth in the notice of deficiency.

Respondent determined that petitioner was liable for the failure to file timely Federal income tax returns for the 2 years at issue under section 6651(a)(1).  As noted earlier, Omnitec Missouri did not file Federal income tax returns for the fiscal years at issue.  Under section 7491(c), the Secretary has the burden of production in any court proceeding with respect to the liability of the taxpayer for any penalty or addition to tax. Since it has been shown that petitioner did not file returns for the years at issue, that burden of production has been satisfied. Moreover, the record does not support a finding that the failure to file was due to reasonable cause and not due to willful neglect. Consequently, the late filing addition to tax under section 6651(a)(1) is sustained.  Respondent also determined the addition to tax under section 6651(a)(2) for the failure to pay the amount shown as tax on the return.  At trial, respondent conceded that adjustment.  As a result of that concession, the

addition to tax under section 6651(a)(1) must be recalculated because of section 6651(c)(1).[6]

The final issue is respondent's determination that petitioner is liable for the addition to tax for failure to pay estimated taxes under section 6655.

Section 6655 requires corporations to pay estimated income taxes as a parallel to section 6654, which requires individuals to pay estimated taxes. Petitioner failed to pay any estimated taxes for the 2 years at issue. Since the Court holds that taxes were due for these years, it follows that this addition to tax is applicable and is, therefore, sustained.[7]

<u>Decision will be entered</u>

<u>under Rule 155.</u>

---

[6]In conceding the sec. 6651(a)(2) addition to tax, the Court construes that concession as an assertion of a claim by respondent for an increase in the sec. 6651(a)(1) addition to tax based upon the concession of the sec. 6651(a)(2) addition to tax.

[7]The Court recognizes that, with respect to the fiscal year ending Sept. 30, 1998, the required estimated taxes for that year would, under sec. 6655(d)(1)(B)(ii), be 100 percent of the tax shown on the return of the corporation for the preceding taxable year, which, in this case, would be the year ending September 30, 1997. Although no direct evidence was offered with respect to the fiscal year ending Sept. 30, 1997, the record supports a finding that no income tax return was filed by Omnitec Missouri (petitioner) for that year. The record supports the conclusion that the burden of production on respondent for the sec. 6655 additions to tax for the fiscal years ending Sept. 30, 1998 and 1999 has been satisfied.